IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HENRY L. JACKSON,<br>Petitioner,<br><br>v.<br><br>BRIAN REDD,<br>Respondent. | **MEMORANDUM DECISION AND ORDER DISMISSING HABEAS PETITION**<br><br>Case No. 2:24-CV-551-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Petitioner Henry L. Jackson, a Utah inmate, filed a *pro se* application for habeas corpus relief under Section 2254 of the Antiterrorism and Effective Death Penalty Act. 28 U.S.C. § 2241, *et seq*. In the habeas petition (Dkt. No. 1), Mr. Jackson asserts two causes of action related to the sufficiency of the criminal information by which he was charged. Respondent Brian Redd moves to dismiss (Dkt. No. 7), arguing that this court lacks jurisdiction to consider Petitioner's second or successive claims under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Because the court lacks jurisdiction to consider second or successive claims under Section 2254, the habeas petition is **DISMISSED**.

## BACKGROUND

On November 9, 2006,

> Mr. Jackson hit his estranged girlfriend with his car, rolled back over her lower leg, and maneuvered the car so it appeared that he was going to hit her again. Her son, who was nearby, tried to stop Mr. Jackson by opening the front passenger door of [Mr. Jackson's] car and trying to hit him. Mr. Jackson cut the son with a large knife and stabbed him in the arm, chased the son as he fled, and then stabbed him in his

> back and chest. At this point, the estranged girlfriend released a pit bull that she was holding on to. Mr. Jackson stabbed the pit bull. Mr. Jackson then returned to the estranged girlfriend, picked her up by her shirt, dragged her toward his car, hit her with the back of his knife, and told her, "now talk to me bitch." He then let her go and left the scene. The estranged girlfriend's and her son's testimony concerning these events was corroborated by three eyewitnesses.

*Jackson v. Utah*, 782 F. App'x 690, 693 (10th Cir. 2019) (internal citations and quotation marks omitted). Both victims survived the incident.

On November 16, 2006, Mr. Jackson was arraigned in the Third District Court for the County of Salt Lake City, Utah. Information, *State v. Jackson*, Case No. 61907630 (Utah 3d Dist. Nov. 16, 2006) (Dkt. No. 7-1.) The information charged him with two counts of "Attempted Criminal Homicide, Aggravated Murder," in violation of Utah Code Section 76-5-202, as first degree felonies, one count of animal cruelty, a class B misdemeanor, and one count of assault, a class B misdemeanor. *Id*. at 1–2. The attempted murder counts alleged that Mr. Jackson "attempted to intentionally cause the death of [the victim] under any of the following circumstances: the actor had previously been convicted of aggravated murder, murder, or a felony involving the use or threat of violence to a person." *Id.* at 1. Mr. Jackson was found guilty on all counts and sentenced to two consecutive sentences of five-years-to-life. Order, Dkt. 7-4, at 1. The Utah Court of Appeals affirmed his conviction, *see State v. Jackson*, 243 P.3d 902, 917 (Utah Ct. App. 2010), and the Utah Supreme Court denied certiorari review. *See State v. Jackson*, 247 P.3d 774 (Utah 2011) (table).

On April 8, 2015, Mr. Jackson filed a petition in this court seeking relief under 28 U.S.C. § 2254. *Jackson v. Utah*, *et al*., No. 2:15-cv-237 RJS, 2018 WL 4442238 (D. Utah Sept. 17, 2018), *appeal dismissed*, 782 F. App'x 690 (10th Cir. 2019) (unpublished), *cert. denied*, 590 U.S. 949 (2020). He argued that the state violated his rights under the Fourteenth Amendment by releasing his vehicle to a lienholder before allowing the defense an opportunity to examine its

evidentiary value; by using a peremptory challenge to eliminate the only minority member from the jury pool; and by giving inadequate jury instruction on self-defense. Mr. Jackson also argued that he had received ineffective assistance of counsel at his trial and on appeal. The claims asserting destruction of evidence, inadequate instruction of self-defense, and ineffective assistance of trial counsel were dismissed for procedural default. *Id*. at *3. The remaining claims were denied on the merits. *Id*. at *9.

On August 1, 2024, Mr. Jackson filed the petition now before the court, again seeking relief under Section 2254. Construing his petition liberally,[1] Mr. Jackson argues that he was never formally charged with attempted murder because the charging document failed to cite the Utah statute that defines criminal attempt, and that the deficiency amounted to a denial of due process because the charges omitted essential elements of the crime of which he was convicted. More specifically, Mr. Jackson "asserts the information filed in this case is defective because among other things, the attempt statute U.C.A. 76-4-101-102 (1)(a)(2008) [sic] (defining attempt and classifying attempt offenses) is not charged in the information." Dkt. No. 1-4 at 26. Petitioner contends that "merely adding the word attempt to the completed crime statute does not alter the statutory requirements or charge the elements of the offense." *Id*. at 25. And he maintains that, "[b]y omitting the attempt elements, the information gave [him] deficient notice as a matter of law." *Id*. at 24. Mr. Jackson cites *Utah v. Casey*for the proposition that

[1] Mr. Jackson's pro se pleadings are entitled to liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . .") (internal quotation marks omitted.) *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.") "Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations." *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992).

> "[a]ttempt crimes are derivatives of completed crimes, and the express language of both the completed crime statute and the attempt statute determines the elements of the attempt crime. Thus, a conviction for attempted murder must satisfy the elements of the murder statute, with the obvious exception that the murder need not be completed, and the attempt statute."

82 P.3d 1106, 1110 (Utah 2003) (quoted in Dkt. No. 1-4 at 28 (with some non-substantive errors)). Mr. Jackson does not specify precisely what elements from the attempt statute were allegedly lacking in the information.

**SECOND OR SUCCESSIVE CLAIMS ARISING UNDER SECTION 2254**

"The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States . . . ." 28 U.S.C. § 2241(c)(3). "Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 . . . proceedings, which are used to collaterally attack the validity of a conviction and sentence . . . ." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (internal citations omitted). Still, both kinds of actions qualify as habeas proceedings because they "attack[] the fact or duration of a prisoner's confinement and seek[] the remedy of immediate release or a shortened period of confinement." *Id.* at 812 (quoting *Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993)).

A petitioner must obtain authorization from the court of appeals prior to filing a second or successive petition challenging the validity of his conviction or sentence. Authorization to file a second or successive petition may be granted if the applicant shows that the new claim relies on a new and retroactive rule of constitutional law, or if the factual predicate for the claim could not have been discovered previously and the facts viewed in context of the evidence as a whole would be sufficient to establish that no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

When a petitioner files an unauthorized second petition under Section 2254, the district

court must dismiss any claims which were presented in the first petition. 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."); *Rivers v. Guerrero*, 605 U.S. 443, 450 (2025) ("§2244 prohibits habeas applicants from filing a subsequent petition that relitigates the merits of previously denied claims."). The district court has discretion to transfer any remaining claims to the court of appeals:

> When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from [the Court of Appeals], the district court may transfer the matter to [the Court of Appeals] if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction.

*In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to [the Court of Appeals] for authorization." *Id*.

Mr. Jackson's current claims constitute his second attempt to challenge the validity of his conviction under Section 2254. His previous challenge to his conviction was denied. *See Jackson v. Utah*, *et al*. No. 2:15-cv-237 RJS, 2018 WL 4442238 (D. Utah, Sept. 17, 2018), *appeal dismissed*, 782 F. App'x. 690 (10th Cir. 2019) (unpublished), *cert. denied*, 590 U.S. 949, 140 S. Ct. 2781 (2020). Mr. Jackson has not obtained the requisite authorization to file a second or successive § 2254 Petition. This court thus lacks jurisdiction to consider his claims.

Additionally, Mr. Jackson's new claims lack sufficient merit to warrant a transfer to the Tenth Circuit for authorization. *See In re Cline*, 531 F.3d at 1252. These claims do not rely on a new rule of constitutional law, and Mr. Jackson has not shown that the facts on which these claims are based could not have been discovered previously.

Mr. Jackson has not identified a new rule of constitutional law to support his claims. The sufficiency of an information is primarily a question of state law. *See Tapia v. Tansy*, 926 F.2d 1554, 1560 (10th Cir. 1991). But "[a] charging instrument may violate the Sixth Amendment by failing to provide a defendant with adequate notice of the nature and cause of the accusations filed against him." *Johnson v. Gibson*, 169 F.3d 1239, 1252 (10th Cir. 1999). Here, the Information afforded Mr. Jackson constitutionally adequate notice of the nature and cause of the accusations afforded against him. It identified the victims, alleged that Mr. Jackson had intentionally attempted to cause their deaths, and gave notice that the prosecution would attempt to prove aggravating factors related to his prior convictions. Furthermore, the alleged defect was known to Mr. Jackson befpre trial. These claims could have been—but were not—raised in his previous Section 2254 petition. Mr. Jackson's claims thus do not qualify for transfer to the Court of Appeals.

**CERTIFICATE OF APPEALABILITY**

Finally, Mr. Jackson is not entitled to a certificate of appealability. A certificate of appealability may issue only if a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has clarified the standard for obtaining a certificate of appealability after a habeas petition is denied on procedural grounds:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Mr. Jackson has not shown that reasonable jurists could debate whether the Petition states a valid claim of a denial of a constitutional right, or that he was entitled to file a second or successive petition under Section 2254.

## CONCLUSION

The court lacks jurisdiction to consider a second or successive challenge to Mr. Jackson's conviction or sentence.

**IT IS THEREFORE ORDERED** that Respondent's Motion to Dismiss (Dkt. No. 7) is **GRANTED**. The Petition (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS ALSO ORDERED** that a certificate of appealability is **DENIED**.

This action is **CLOSED**.

DATED this 30th day of September, 2026.

BY THE COURT:

Howard C. Nielson, Jr.
United States District Judge